# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION NO. 1:95cr8-DCB

DERRICK EDWARDS                                                            DEFENDANT

**ORDER**

    This cause is before the Court on the defendant's Motion for Reduction of Sentence, wherein the defendant requests a reduction of his sentence pursuant to the recent amendments to the sentencing guidelines applicable to offenses involving cocaine base and the subsequent decision by the United States Sentencing Commission to make this amendment retroactive. Having carefully considered the motion, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

    Following his conviction on June 15, 1995, for conspiracy to possess with intent to distribute a controlled dangerous substance in violation of 21 U.S.C. § 841(a)(1), Derrick Edwards was sentenced on October 3, 1995, to a term of 128 months imprisonment and 60 months supervised release. The defendant was subsequently released on December 22, 2004, to begin his 60 months of supervised release. On August 4, 2008, a petition to revoke supervised release was filed in this Court by the government based on the defendant violating the Mandatory Condition of his supervised released, Standard Condition No. 7, Standard Condition No. 8, and

Standard Condition No. 9. In a hearing before this Court on October 21, 2008, the Court found the defendant guilty of violating the conditions of his supervised release, and he was sentenced to a term of 60 months imprisonment.

On June 1, 2009, the defendant filed a Motion for Reduction of Sentence pursuant 18 U.S.C. § 3582(c)(2). This motion now is before the Court.

Amendment 706 to the Sentencing Guidelines, which lowers the base offense levels applicable to crack cocaine offenses, went into effect on November 1, 2007. The United States Sentencing Commission determined that Amendment 706 would apply retroactively through United States Sentencing Guidelines Manual § 1B1.10, effective on March 3, 2008. The result of the amendment and its retroactivity is that this Court, pursuant to 18 U.S.C. 3582(c)(2), has the discretion to reduce the terms of a defendant's imprisonment when certain criteria are met.

The defendant now seeks a reduction of a term of imprisonment imposed upon revocation of his supervised release. In the Commentary which accompanies U.S.S.G. § 1B1.10, the Sentencing Commission expressly instructs that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 cmt. n. 4 (2008). Moreover, the Commission states that, "[t]his section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." Id. Under these

clear instructions, the Court finds that the defendant is not eligible for a reduction under 18 U.S.C. § 3582. United States v. Johnson, 2008 WL 4602289 (S.D. Miss. Oct. 15, 2008) (unpublished); United States v. Flintroy, 2008 WL 3884345 (W.D. La. July 16, 2008) (unpublished); United States v. Durr, 2008 WL 2439719 (S.D. Miss. Jun. 16, 2008) (unpublished). Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion for Reduction of Sentence is **DENIED**.

**IT IS FURTHER ORDERED** that all terms and provisions of the original judgment remain unchanged and in full force and effect.

**SO ORDERED**, this the 5th day of November 2009.

                                         s/ David Bramlette
                                    **UNITED STATES DISTRICT JUDGE**